5 F.3d 1505
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Cecil H. WALLACE, Jr., Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 93-3151.
 United States Court of Appeals, Federal Circuit.
 Aug. 11, 1993.
Rehearing Denied Aug. 22, 1993.
 
 Before NEWMAN, MAYER, and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Cecil H. Wallace, Jr., appeals the final decision of the Merit Systems Protection Board, No. DA0831E920475-I-1, dated December 29, 1992, which dismissed his petition for review of the board's initial decision as untimely filed. We affirm.
 
 
 2
 This court reviews decisions of the Merit Systems Protection Board under a limited standard prescribed by statute. We must affirm a board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. Sec. 7703(c) (1988).
 
 
 3
 The initial decision of the board, dated September 8, 1992, affirmed the reconsideration decision of the Office of Personnel Management which denied Wallace's application for disability retirement. The board's regulations require that a "petition for review must be filed within 35 days after the initial decision is issued." 5 C.F.R. Sec. 1201.114(d) (1992). The initial decision informed Wallace that it would become the final decision of the board on October 13, 1992, unless a petition for review was filed by that date. On September 28, 1992 Wallace filed a petition for review but the clerk of the board returned the petition as deficient because Wallace had failed to serve the agency. The clerk's October 5, 1992 notice returning the petition informed Wallace that he had fifteen days from the date of the notice to serve the other parties and refile the petition. Wallace refiled his petition for review on October 24, 1992, four days after the fifteen day time period had expired. The clerk advised Wallace that his petition was untimely and unless he filed an affidavit or statement made under the penalty of perjury establishing good cause for the untimely filing, the petition could be dismissed. Wallace responded in an unsworn statement that he was "always told that Saturdays and Sundays did not count on the 15 days filing." He did not specify the source of this information.
 
 
 4
 The time limit for correcting a deficient petition for review may be waived by the board if the petitioner meets the burden of proving good cause for such waiver. See 5 C.F.R. Sec. 1201.12, 1201.56(a)(2)(ii) (1992). Whether there exists good cause to waive the time limit is a determination "committed to the board's discretion and this court will not substitute its own judgment for that of the board." Mendoza v. Merit Systems Protection Board, 966 F.2d 650, 653 (Fed.Cir.1992) (in banc). The board stated that Wallace's response to the request to show cause failed to comply with the board's regulations because it was not an affidavit or statement signed under penalty of perjury, and the petition could be dismissed on that basis alone. The board further determined, however, that Wallace's assertion that he believed weekends did not count toward the fifteen day limit did not establish good cause for the untimely filing. In the board's view, Wallace's response was insufficient because it failed to prove that he exercised due diligence or ordinary prudence under the circumstances in light of the board's regulations explaining the proper computation of time. See 5 C.F.R. Sec. 1201.23 (1992); Phillips v. United States Postal Service, 695 F.2d 1389, 1391 (Fed.Cir.1982) (the board's standard for establishing good cause, set out in Alonzo v. Department of the Air Force, 4 M.S.P.R. 180, 184 (1980), does not require Wallace to show that it was impossible to file timely, only that diligence and ordinary prudence had been exercised). Although it appears that Wallace was making some effort to file in a timely fashion, the board's determination that he failed to establish good cause for his untimely filing has not been shown to be arbitrary, capricious, an abuse of its discretion, or not in accordance with the law. When faced with a time limit in which to file with the board, ordinary prudence would compel one to seek competent authority for the method under which the time would be computed, such as would be found in the board's regulations, and not proceed on assumption or information from an unauthorized source.
 
 
 5
 In his informal brief on appeal before this court, Wallace raises arguments addressing the merits of the board's initial decision. Any appeal to this court must be made within 30 days after the receipt of the final order or decision of the board. 5 U.S.C. Sec. 7703(b)(1) (1988). Because Wallace failed to properly file a petition for review, the board's initial decision became the final decision on the merits of his case on October 13, 1992. The initial decision itself notified Wallace that it would become the final decision if a petition for review was not filed and Wallace therefore received notice of the final decision of the board the date the initial decision became final. Wallace filed his notice of appeal before this court on December 21, 1992, more than 30 days after he received notice of the board's final decision and therefore this court has no jurisdiction to address the merits of the board's October 8, 1992 decision. Accordingly, to the extent Wallace's appeal to this court challenges the merits of the board's October 8, 1992 decision, it is dismissed for lack of jurisdiction.